UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION § <br> FOUNDATION, INC., JANE DOE, § <br> JOHN ROE, and JANE NOE, § <br>     *Plaintiffs*, § <br> § <br> v. § <br> § <br> § <br> JUDGE WAYNE MACK, in his official § <br> capacity as Justice of the Peace, and § <br> MONTGOMERY COUNTY, TEXAS, § <br>     *Defendants*. § | Civil Action No. 4:17-cv-881 <br> **JURY DEMANDED** |

**DEFENDANTS' EXPEDITED MOTION TO STAY**

Plaintiffs' clarification that they have sued Judge Mack in only his official capacity revealed two flaws in their claims, either of which requires judgment in Defendants' favor: (1) judicial immunity bars Plaintiffs' claims based on actions taken by Judge Mack in his judicial capacity; and (2) Plaintiffs lack standing because their requested relief would not redress their alleged injuries. Defendants raised both these flaws in their Motion for Judgment on the Pleadings, which is now fully briefed. (*See* Dkt. No. 65 ("Rule 12(c) Motion"); Dkt. No. 75 ("Response"); Dkt. No. 77 ("Reply").) A ruling for Defendants would end this case because a lack of standing is fatal to any claim and because judicial immunity grants Defendants an absolute immunity from suit, not just from liability. A ruling for Plaintiffs would give rise to an interlocutory appeal, as the denial of a defense granting immunity from suit is a well-recognized ground for interlocutory appeal. Together, these concerns render further proceedings unnecessary until the Court resolves the Rule 12(c) Motion, and risk imposing significant hardship upon the Defendants and wasting valuable judicial resources. Thus, Defendants respectfully request that

the Court enter an expedited order staying all proceedings pending resolution of Defendants' Rule 12(c) Motion and any subsequent interlocutory appeal.

Based on its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," this Court has broad discretion to issue such a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). This includes the "power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Courts in this Circuit regularly exercise their power to grant stays pending resolution of dispositive motions. *See, e.g.*, *Brazos Valley Coal. for Life, Inc. v. City of Bryan*, 421 F.3d 314, 327 (5th Cir. 2005) (no abuse of discretion to stay discovery pending summary judgment); *Goins v. City of Sansom Park*, 637 F. App'x 838, 839 (5th Cir. 2016) (no abuse of discretion for staying discovery pending a motion to dismiss because "[s]uch a stay is common when a court is considering an immunity defense"). To determine whether to grant a stay in this case, the Court "must consider various competing interests," including: "judicial efficiency in terms of the simplifying or complicating of issues"; "hardship to defendants if the stay is denied"; and "potential prejudice to plaintiffs from a brief stay." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015).

Each of these interests weighs in favor of staying this case. *See Landis*, 299 U.S. at 254–55 (requiring courts to "weigh competing interests and maintain an even balance"). First, a short stay pending resolution of Defendants' Rule 12(c) Motion would promote judicial efficiency by allowing for the resolution of threshold issues raised before the Court expends valuable resources. *Petrus*, 833 F.2d at 583 (recognizing a wide authority to stay a case when a dispositive motion is pending, especially when "[n]othing that [] could have [been] learned through discovery could have affected the resolution of the . . . motion"). Second, refusal to grant a stay would prejudice

Defendants by prematurely imposing upon them the burdens of litigation while their judicial immunity defense is still pending. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (noting that absolute and qualified immunity exist "to spare a defendant" not just from liability but also from "unwarranted demands customarily imposed upon those defending a long drawn out lawsuit"). Third and finally, a stay would not "work damage" on Plaintiffs. *Landis*, 299 U.S. at 255. Considered together, these factors support staying further proceedings until this Court rules on Defendants' Rule 12(c) Motion.

**I.      Staying this case would promote judicial efficiency.**

Courts frequently stay cases when "judicial efficiency . . . could be expected to result from a stay." *Coker*, 161 F. Supp. 3d at 495. Here, multiple judicial-efficiency concerns justify a stay: (1) Defendants' Rule 12(c) Motion raises dispositive, threshold issues that must be resolved before litigation continues; (2) further discovery would not help the Court resolve any of these issues; and (3) even a ruling that judicial immunity does not bar Plaintiffs' claims would be subject to interlocutory appeal. Any of these concerns would alone justify staying this case in the name of judicial efficiency. Together, they weigh heavily in favor of a stay pending resolution of Defendants' Rule 12(c) Motion.

*First*, where a pending motion can "resolve an issue that might preclude the need for the discovery altogether [and] thus sav[e] time and expense," a stay is an appropriate exercise of discretion. *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 436 (5th Cir. 1990). Indeed, "it would be 'wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach' a determination on those merits." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (quoting *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)). Defendants' Rule 12(c) Motion presents threshold legal barriers to Plaintiffs' claims—absolute judicial immunity and lack of subject-matter jurisdiction. (*E.g.*, Rule

12(c) Motion 1.) Unless Plaintiffs have somehow managed to dodge those case-dispositive barriers, "cost and inconvenience will be [further discovery's] sole result." *Landry*, 901 F.2d at 436. The Court should stay this case pending resolution of Defendants' Rule 12(c) Motion. *See Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652-R, 2004 WL 1144142, at *1–2 (N.D. Tex. May 20, 2004) (staying case pending motion to dismiss because "defendants ha[d] substantial arguments for dismissal of many, if not all, of plaintiff's claims").

A stay is especially appropriate given the particular nature of the issues raised in Defendants' Rule 12(c) Motion. Courts describe both absolute judicial immunity and subject-matter jurisdiction as "threshold matters." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (standing is a "threshold matter"); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (judicial immunity is a "threshold matter"). That means they should "be resolved as early in the proceedings as possible." *Boyd*, 31 F.3d at 284; *accord Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900). Regarding standing in particular, the Supreme Court has endorsed "the rule that Article III jurisdiction is always an antecedent question." *Steel Co.*, 523 U.S. at 101. As a result, courts in this Circuit have found stays appropriate pending dispositive motions that presented issues like those in Defendants' Rule 12(c) Motion. *See LeClerc v. Webb*, No. CIV.A. 03-664, 2003 WL 21026709, at *2, *6 (E.D. La. May 2, 2003) (issuing a stay where defendants "raised immunity issues, and in particular absolute judicial immunity from suit," "[u]nless and until the defendants' claims of immunity are determined"); *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1–2 (W.D. Tex. Apr. 8, 2016) (staying case pending resolution of motion to dismiss on qualified-immunity grounds); *Conquest v. Camber Corp.*, No. 5:13-cv-1108-DAE,

2014 WL 172500, at *1–2 (W.D. Tex. Jan. 13, 2014) (staying case pending resolution of motion to dismiss on jurisdictional grounds).

Resolution of these issues in Defendants' Rule 12(c) Motion must precede resolution of any other issues in this lawsuit.[1] This makes a stay particularly appropriate.

***Second***, in addition to the threshold nature of these substantive issues, the current procedural posture warrants a stay. By definition, Defendants' Rule 12(c) Motion "must be based on the undisputed facts appearing in all the pleadings." *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956). That is what separates a motion for judgment on the pleadings from a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). As a result, the Court's ruling will turn only on the facts alleged in the Complaint and the Answer. At this stage in the proceedings, then, there is no "relevant evidence" that further "discovery likely would . . . reveal[]." *Brazos Valley Coal. for Life*, 421 F.3d at 327. Because the Court can decide the pending motion "as a matter of law on the basis of the undisputed facts," further proceedings are currently unnecessary. *Landry*, 901 F.2d at 435; *see id.* at 436 (stay not abuse of discretion "when cost and inconvenience will be [the] sole result" of further proceedings).

***Third***, Defendants' Rule 12(c) Motion challenges Plaintiffs' claims on grounds of absolute judicial immunity, an issue that is subject to immediate appeal. *See Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) ("[T]he denial of a substantial claim of absolute immunity is an order appealable before final judgment."); *Loya v. Tex. Dep't of Corr.*, 878 F.2d 860, 861 (5th Cir. 1989) ("Appeals from the denial of qualified or absolute immunity are a well recognized exception to the general

---

[1] In recognition of this fact, some courts in this Circuit have promulgated local rules that provide for an automatic stay whenever a party by motion asserts an immunity or jurisdictional defense. *See* N.D. Miss. Civ. R. 16(b)(3)(B) ("[A] motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal."); S.D. Miss. Civ. R. 16(b)(3)(B) (same).

rule that interlocutory appeals are not reviewable under 28 U.S.C. § 1291."). In fact, the Fifth Circuit recently applied that principle specifically to motions for judgment on the pleadings that raise immunity arguments. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) ("[C]ourts reviewing denials of Rule 12(c) motions on immunity grounds also have jurisdiction, under *Iqbal*, to review the sufficiency of the pleadings."). Any other rule would "subvert[] a basic rationale of the doctrine" because "those who enjoy absolute immunity are entitled to defeat the suit at the outset." *Kenyatta v. Moore*, 744 F.2d 1179, 1183 (5th Cir. 1984). To defend this principle, courts in this District commonly stay proceedings in their entirety pending interlocutory appeal of an order denying immunity. *See Gaalla v. Citizens Med. Ctr.*, No. CIV.A. V-10-14, 2011 WL 23233, at *1 (S.D. Tex. Jan. 4, 2011); *Erxleben v. Bloomington Indep. Sch. Dist.*, No. CIV. A. V-94-025, 1996 WL 61490, at *1 (S.D. Tex. Jan. 29, 1996).

All three of these facts support a brief stay. Defendants' Rule 12(c) Motion presents immunity and jurisdictional arguments "that may dispose of the case." *Petrus*, 833 F.2d at 583. Plaintiffs have no case if judicial immunity applies and this Court has no jurisdiction if they lack standing. Just as a stay is "appropriate where the disposition of a motion to dismiss 'might preclude the need for discovery altogether thus saving time and expense,'" a stay is appropriate here. *Von Drake*, 2004 WL 1144142, at *1 (quoting *Landry*, 901 F.2d at 436). Still more, nothing that Plaintiffs could "learn[] through [further] discovery could . . . affect[] the resolution" of Defendants' Rule 12(c) Motion. *Petrus*, 833 F.2d at 583; *see* Fed. R. Civ. P. 12(c)–(d). A stay at this "early juncture" would "advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims." *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13cv411 JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) (quotation marks and alteration omitted). Finally, "it would serve little purpose" to move ahead

with this case "if the Fifth Circuit disagrees" with an order denying Defendants' absolute-immunity defense. *Erxleben*, 1996 WL 61490, at *1. A short stay pending resolution of Defendants' Rule 12(c) Motion would minimize the risk of wasted effort—by the Court and the parties—on unnecessary proceedings until threshold considerations have been resolved, before both this Court and, if applicable, the Fifth Circuit.

## II.     Absent a stay, Defendants will suffer harm.

Defendants will suffer considerable hardship and inequity if forced to continue litigating this suit while their Rule 12(c) Motion—which could put an end to Plaintiffs' case—is pending before the Court. Whenever a pending motion could dispose of a case, there is a risk that "cost and inconvenience will be [the] sole result" of continuing litigation. *Landry*, 901 F.2d at 436. When a pending dispositive motion can "be decided . . . on the basis of the undisputed facts already before the court," as is true of the Rule 12(c) Motion, there is no reason to take that risk. *Id.* at 435. Indeed, the Fifth Circuit has held that such concerns are appropriate grounds for staying a case. *Id.* at 435–36.

In addition to these broadly applicable concerns, Defendants' immunity defense raises a separate category of harm. Immunity offers protection from "not only unwarranted liability," but also from "unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert*, 500 U.S. at 233; *see Anderson*, 483 U.S. at 646 n.6 ("[I]mmunity questions should be resolved at the earliest possible stage of a litigation."). Until the "threshold immunity question is resolved," therefore, further "discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see LeClerc*, 2003 WL 21026709, at *6 ("[T]he protection afforded government officials by the doctrines of absolute and qualified immunity would be greatly depreciated if it did not include protection from discovery.").

In application, this principle—that courts should not subject potentially immune defendants to the costs associated with discovery—means that courts routinely grant stays pending resolution of immunity questions. *See, e.g.*, *Bickford*, 2016 WL 1430063 at *1 (staying case pending resolution of motion to dismiss on immunity grounds because "harm produced by a temporary stay [would be lesser than] the harm that could result if [defendant] is found to be immune from the instant suit"); *LeClerc*, 2003 WL 21026709, at *7 (staying case against Justices of Louisiana Supreme Court "[u]nless and until the defendants' claims of immunity [including judicial immunity] are determined"). The Court should likewise stay this case to avoid imposing litigation costs on Defendants pending resolution of their absolute-immunity defense.

### III. A short stay will not harm Plaintiffs.

Defendants seek a brief stay no longer than necessary for the Court to decide their Rule 12(c) Motion, and if applicable, for any appeal. In contrast to the harms that refusing this stay would impose on Defendants, it would not materially harm Plaintiffs. "[W]hen there is not a fair possibility that the stay will work damage to someone else," courts have "especially" broad discretion to grant a stay. *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 483 (N.D. Tex. 2016) (quotation marks omitted). Plaintiffs here will suffer none of the harms courts have said in other cases would make a stay inappropriate. For example, the Supreme Court noted the injustice of requiring "a litigant in one cause [to] be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. No other pending action threatens to prejudice Plaintiffs' ability to pursue their claims in this lawsuit. Or to take a more extreme example, the Fifth Circuit found a stay to be an abuse of discretion in a case where the plaintiffs "allege[d] that they [were] dying from asbestosis." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). No similar circumstances are at work here.

Instead, like other cases where courts have found stays to be appropriate, "there is no evidence that discovery, testimony, or documents presently available" to Plaintiffs "will not be available to [them] after the stay." *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 646 n.5 (N.D. Tex. 2004). Because Plaintiffs will suffer no harm from a short stay, this Court will "maintain an even balance" between the "competing interests" at stake by staying this case pending resolution of Defendants' Rule 12(c) Motion. *Landis*, 299 U.S. at 255.

## IV. Expedited relief is necessary to prevent harm to Defendants.

As is shown above, Defendants will suffer harm which heavily outweighs any burden imposed upon Plaintiffs. Because discovery deadlines are swiftly approaching, an expedited decision on this motion to stay is necessary to prevent undue hardship to Defendants. Additionally, an expedited stay would prevent the loss of valuable judicial resources, which could be saved if proceedings are stayed until the resolution of Defendants' Rule 12(c) Motion. For these reasons, an expedited ruling on this Motion to Stay is proper.

## CONCLUSION

Defendants respectfully ask this Court to stay further proceedings, including all currently scheduled deadlines, until it has decided the issues raised in Defendants' Rule 12(c) Motion and any interlocutory appeal has finished.

| | |
|---|---|
| Dated: April 27, 2018 | Respectfully submitted, |

| | |
|---|---|
| **J.D. LAMBRIGHT,** <br> **COUNTY ATTORNEY** | **BAKER BOTTS L.L.P.** |
| | By: /s/ *Amy Pharr Hefley* |
| B.D. Griffin <br> Assistant County Attorney <br> Texas Bar No. 08468500 <br> S.D. Texas Bar No. 1862 <br> Adam Anderson <br> Texas Bar No. 24090780 <br> S.D. Texas Bar No. 2914958 <br> 501 North Thompson, Suite 300 <br> Conroe, TX  77301 <br> (936) 539-7828 <br> (936) 760-6920 (facsimile) <br> bd.griffin@mctx.org <br> adam.anderson@mctx.org | Aaron M. Streett <br> Texas Bar No. 24037561 <br> S.D. Texas Bar No. 732596 <br> Amy Pharr Hefley <br> Texas Bar No. 24046046 <br> Nischay Bhan <br> Texas Bar No. 24105468 <br> S.D. Texas Bar No. 3151238 <br> One Shell Plaza <br> 910 Louisiana St. <br> Houston, TX  77002 <br> (713) 229-1234 <br> (713) 229-1522 (facsimile) <br> aaron.streett@bakerbotts.com <br> amy.hefley@bakerbotts.com <br> nischay.bhan@bakerbotts.com |
| | Vincent Wagner <br> Texas Bar No. 24093314 <br> S.D. Texas Bar No. 3162395 <br> 2001 Ross Avenue, Suite 700 <br> Dallas, TX  75201 <br> (214) 953-6000 <br> (214) 661-6503 (facsimile) <br> vincent.wagner@bakerbotts.com |
| | COUNSEL FOR DEFENDANTS |

## CERTIFICATE OF SERVICE

I certify that this document was filed with the Court's Electronic Filing System, which will serve all known Filing Users, on April 27, 2018.

/s/ *Amy Pharr Hefley*
Amy Pharr Hefley

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(C), I certify that on March 21, 2018 at 1:27 PM counsel for Defendants conferred via email with counsel for Plaintiffs regarding the relief requested in this Motion, and they could not agree regarding its disposition.

/s/ *Amy Pharr Hefley*
Amy Pharr Hefley
