UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., JANE DOE, JOHN ROE, and JANE NOE,  *Plaintiffs*,<br><br>v.<br><br>JUDGE WAYNE MACK, in his official capacity as Justice of the Peace, and MONTGOMERY COUNTY, TEXAS,  *Defendants*. | Civil Action No. 4:17-cv-881 |

**NOTICE OF RELEVANT AUTHORITY**

Defendants notify the Court of a recently issued decision by the Texas Supreme Court that is relevant to the redressability arguments made in their Motion for Judgment on the Pleadings (Dkt. No. 65) and Reply in Support (Dkt. No. 77). *See Meyers v. JDC/Firethorne, Ltd.*, No. 17-0105, 2018 WL 2749769 (Tex. June 8, 2018) (attached here as Exhibit A).

Applying federal precedent, *see id.* at *5, the Texas Supreme Court held that the plaintiff had no standing to pursue its official-capacity claim against a county commissioner because "there is no remedy the trial court could fashion against [the commissioner] that would afford relief." *Id.* at *7.

The plaintiff, a residential real estate developer, sought to build a master-planned community in Fort Bend County, but the project became delayed during the plat application process. *Id.* at *3. The developer alleged that the county commissioner impermissibly pressured the county engineer to delay his decision to accept or deny the plat application. *Id.* The developer sued the county commissioner in his individual and official capacities, seeking an injunction to force the county engineer to decide on the application and submit the plats for final approval to

the commissioner's court.  *Id.*  Although the commissioners court and the county engineer were also defendants, they were not parties to the appeal.  *See id.* at *3–*4.

The developer's requested injunction would not redress its alleged injuries, said the court, because the county commissioner could not force the county engineer to act on the plat application.  *See id.* at *7.  The relevant county regulations "designate[d] the county engineer as the sole county official responsible for receiving all documentation and information that must be submitted with the plat application."  *Id.*  Acting alone, the county commissioner could not "approve [the] plat application," "fire [the] county engineer," or even "present a completed plat application to the commissioner's court."  *Id.*  The "political reality" that the county commissioner "may have 'influence'" over the county engineer made no difference to the court.  *Id.*  Alleged "influence" notwithstanding, the county commissioner "ha[d] no legal authority to remedy [the developer's] alleged harm."  *Id.*  Although an injunction against the commissioner would not redress the developer's alleged harm, the court noted that the developer also sought "relief with respect to other defendants who could remedy its alleged injury," in particular, the county engineer himself.  *Id.*; *see id.* at *3.  The *Meyers* court reversed the lower courts' judgments and dismissed the claims against the county commissioner with prejudice for lack of subject-matter jurisdiction.  *Id.* at *8.

Similar reasoning applies here.  Because Montgomery County cannot force Judge Mack to open his courtroom in any particular way (*see* Dkt. No. 65 at 14; Dkt. No. 77 at 13–14), "any decision from any court granting the requested injunction against [the County] would be ineffectual and unnecessary."  *Meyers*, 2018 WL 2749769, at *7.   Consequently, as in *Meyers*, Plaintiffs have failed to establish the redressability prong of Article III standing, and this Court therefore lacks subject-matter jurisdiction.  In fact, Defendants have already shown how the very same federal decisions discussed at key points in the *Meyers* decision, *see id.* (citing *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 568–70 (1992); *Okpalobi v. Foster*, 244 F.3d 405, 419, 426–27 (5th Cir. 2001) (en banc)), apply to the facts of this case. (*See* Dkt. No. 65 at 14–16 (discussing *Lujan* and *Okpalobi*); Dkt. No. 77 at 13 (discussing *Okpalobi*).) *Meyers* adds further support to the conclusion that Plaintiffs' choice to sue Judge Mack only in his official capacity and Montgomery County—in effect, suing only the County—has left them without standing to obtain the remedy they seek. This Court should grant Defendants' Motion for Judgment on the Pleadings as a result.

| | |
|---|---|
| Dated:  June 14, 2018 | Respectfully submitted, |

**J.D. LAMBRIGHT,**                                   **BAKER BOTTS L.L.P.**
**COUNTY ATTORNEY**

By:  /s/ *Amy Pharr Hefley*

B.D. Griffin                                               Aaron M. Streett
Assistant County Attorney                  Texas Bar No. 24037561
Texas Bar No. 08468500                   S.D. Texas Bar No. 732596
S.D. Texas Bar No. 1862                   Amy Pharr Hefley
Adam Anderson                                 Texas Bar No. 24046046
Texas Bar No. 24090780                   Nischay Bhan
S.D. Texas Bar No. 2914958              Texas Bar No. 24105468
501 North Thompson, Suite 300       S.D. Texas Bar No. 3151238
Conroe, TX  77301                           One Shell Plaza
(936) 539-7828                                     910 Louisiana St.
(936) 760-6920 (facsimile)                Houston, TX  77002
bd.griffin@mctx.org                         (713) 229-1234
adam.anderson@mctx.org                  (713) 229-1522 (facsimile)
                                                   aaron.streett@bakerbotts.com
                                                   amy.hefley@bakerbotts.com
                                                   nischay.bhan@bakerbotts.com

                                                   Vincent Wagner
                                                   Texas Bar No. 24093314
                                                   S.D. Texas Bar No. 3162395
                                                   2001 Ross Avenue, Suite 700
                                                   Dallas, TX  75201
                                                   (214) 953-6000
                                                   (214) 661-6503 (facsimile)
                                                   vincent.wagner@bakerbotts.com

                                                   COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that this document was filed with the Court's Electronic Filing System, which will serve all known Filing Users, on June 14, 2018.

                                                   /s/ *Amy Pharr Hefley*
                                                   Amy Pharr Hefley