UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC.,** **JANE DOE, and JOHN ROE** *Plaintiffs*, | § § § § § |
| v. | §     CASE NO. 4:17-cv-881 |
| **JUDGE WAYNE MACK** in his official capacity and **MONTGOMERY COUNTY, TEXAS** *Defendants*. | § § § § § § |

**PLAINTIFFS' RESPONSE REGARDING DEFENDANTS'
NOTICE OF RELEVANT AUTHORITY**

In *Meyers v. JDC/Firethorne, Ltd.*, the Supreme Court of Texas[1] held that because an individual member of a county commission did not have the authority *by his unilateral action* to bind the county, that an injunction against that individual commissioner would not redress the plaintiff/respondent's injuries. *See* No. 17-0105, 2018 WL 2749769 at *7 (Tex. June 8, 2018) ("One county commissioner *acting alone* cannot process or approve a plat application . . . nor can one county commissioner *alone* fire a county engineer." (emphasis added)).

In this case, Plaintiffs are suing two entities: Judge Wayne Mack in his official capacity and Montgomery County. Neither Defendant is analogous to Commissioner Meyers. Both Defendants have the ability to redress Plaintiffs' injuries.

First, Plaintiffs have sued Judge Mack in his official capacity. *Plaintiffs have thus sued the entity with ultimate authority to bind Judge Mack*. This fact alone eliminates any

---

[1] Texas Supreme Court decisions on issues of federal subject matter jurisdiction do not create binding precedent on this Court, but may be cited as persuasive authority. *See, e.g.*, *State v. Coleman*, 214 A.2d 393, 403 (N.J. 1965) ("In passing on federal constitutional questions, the state courts and the lower federal courts have the same responsibility and occupy the same petition; there is parallelism but not paramountcy for both sets of courts are governed by the same reviewing authority of the Supreme Court.").

redressability issue of the type found in *Meyers* and the Court's analysis of *Meyers* can end there.

Defendants attempt to manufacture a redressability issue by asking the Court to turn the redressability inquiry on its head. They ask the Court to start by substituting Montgomery County for Judge Mack. *See* Defendants' Motion for Judgment on the Pleadings, Doc. 65 at 14 ("Because they sued Judge Mack only in his official capacity, Plaintiffs in effect sued only the County."). Only then do they argue that the County does not have authority to bind Judge Mack. *See id.* (arguing in the very next sentence that "the County has no authority to compel Judge Mack to make any changes to his preferred ceremony for opening court"). But the inquiry must be reversed. Because an official capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 89 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)), the two Defendants are only redundant if Montgomery County *does* have the authority to compel Judge Mack to change his courtroom prayer practice. If Montgomery County does not have that authority, then Judge Mack must remain a separate party. Either way, there is no redressability issue.

Second, by suing Montgomery County and not an individual commissioner, Plaintiffs have sued the entity with final authority to bind the County and the County's agents. This is explicitly the opposite of the *Meyers* case, which held, "individual commissioners have no authority to bind the county by their separate action," *id.* (citing *Canales v. Laughlin*, 147 Tex. 169, 214 (1948)), and where the court stated clearly that the plaintiff "does seek relief with respect to other defendants who could remedy its alleged injury," including the county commissioners court. *Id.* ("Specifically, it seeks . . . a writ of mandamus directing the commissioners court to approve the applications and an injunction requiring the County and the commissioners court to permit the commencement of the construction of Sections

16 and 19. If the trial court were to issue the requested writs . . . it would provide full relief for the principal injury about which [plaintiff] complains.").

In this case, the County has the authority to direct the conduct of its agents, who have allegedly assisted in implementing the courtroom prayer practice. *See, e.g.*, Plaintiffs' Response in Opposition to Defendants' Motion for Judgment on the Pleadings, Doc. 75 at 13–15 (referencing alleged actions by County employees including "issuing official-looking badges," "maintain[ing] a list of eligible chaplains, review[ing] applications to become an eligible chaplain, and train[ing] those who applied," "placing signs on walls and messages on TVs in the courthouse to announce the courtroom prayer practice," and making an "introductory statement . . . that describes the prayer practice," among others). The County can direct its employees to stop doing these things, and thus, it is the proper entity to redress these injurious actions. *Meyers* does not hold otherwise.

Finally, the *Meyers* court treated claims against Commissioner Meyers in his official capacity as distinct from claims against the county commission on which he served. Unlike Commissioner Meyers, who acted as one member of a county commission and could not take unilateral action, Judge Mack does have the ability to act unilaterally to cease opening his court sessions with prayer, a policy that he himself developed. And unlike in *Meyers*— where the court noted that other entities, like the commissioners court, had the authority to redress the plaintiff's injuries—in this case there are no entities, other than the two Defendants, with the authority to redress the injuries caused by the courtroom prayers.

DATE: June 21, 2018

Respectfully submitted,

*/s/ Sam Grover*
Sam Grover
Wisconsin State Bar No. 1096047
Elizabeth Cavell
Wisconsin State Bar No. 1089353
(*pro hac vice*)
FREEDOM FROM RELIGION FOUND., INC.
P. O. Box 750
Madison, WI 53701
Telephone: 608-256-8900
Telecopier: 608-204-0422
Email: sgrover@ffrf.org / ecavell@ffrf.org

Patrick A. Luff
Attorney-in-charge
Texas State Bar No. 24092728
S.D. Tex. Bar No. 2896159
LUFF LAW FIRM, PLLC
3123 NW Loop 410
San Antonio, TX 78230
Telephone: 210-504-7575
Telecopier: 830-584-0628
Email: luff@lufflaw.com

COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I, Sam Grover, hereby certify that on the 21st day of June, 2018, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Sam Grover*
Sam Grover