United States District Court
Southern District of Texas
**ENTERED**
June 22, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., JANE DOE, JOHN ROE, and JANE NOE, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-881 |
| JUDGE WAYNE MACK and MONTGOMERY COUNTY, TEXAS, | § § § | |
| Defendants. | § | |

ORDER

In addition to Defendant Montgomery County, Texas, Plaintiffs also named Judge Mack as a Defendant in this case. Plaintiffs clarified in earlier proceedings that their claims against Judge Mack are limited to his official capacity. Accepting that clarification and in reliance on Kentucky v. Graham, 105 S. Ct. 3099 (1985), the Court in its Memorandum and Order entered January 19, 2018, found that Plaintiffs' claims against Judge Mack "are merely another way of stating their claims against the County."[1] This appears fully consistent with caselaw pertaining to official capacity claims against Texas justices of the peace. See Fields v. Texas Dep't of State Health Servs., No. 4:16-CV-607, 2017 WL 9285509, at *4 (E.D. Tex. Aug. 21, 2017) ("As an initial matter, a suit against a public employee in his or her official capacity is

---

[1] Document No. 52 at 7 (citations omitted).

actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, Plaintiff's claim against [two justices of the peace and two prosecutors] in their official capacities is a claim against the County itself."), *report and recommendation adopted*, No. 4:16-CV-607, 2017 WL 4684003 (E.D. Tex. Oct. 19, 2017); Sullo & Bobbitt, PLLC v. Abbott, No. 3:11-CV-1926-D, 2013 WL 1949835, at *5 (N.D. Tex. May 13, 2013) (Fitzwater, C.J.) ("[T]he claims against Justice [of the Peace] Jones, which are in his official capacity, are dismissed for the additional reason that plaintiffs have failed adequately to plead county liability under § 1983."); Tinoco v. Raleeh, No. 4:05-CV-367, 2006 WL 27287, at *2 (E.D. Tex. Jan. 5, 2006) ("[T]he Court will consider Plaintiff's discrimination claim as though properly brought against [Justice of the Peace] Raleeh in his official capacity, and therefore, as though properly brought against Collin County."), *report and recommendation adopted*, No. 4:05-CV-367, ECF No. 18 (E.D. Tex. Feb. 1, 2006). Given what the Court believed was now a common understanding, Montgomery County's counsel is defending against Plaintiffs' claim against Judge Mack in his official capacity.

Plaintiffs now, however, confusingly assert that "[o]ne of the Defendants, or both, are the final policymaker for the Precinct 1 court. Either Montgomery County is the final policymaker, in which case Judge Mack is a redundant party . . . or some other government

entity is the final policymaker, in which case the claims brought against Judge Mack in his official capacity are effectively claims against that other government entity."[2] Plaintiffs are not entitled to sue a mystery defendant that has not been served with summons and a copy of the Complaint, and the Court cannot grant relief to Plaintiff against a possible missing defendant. Accordingly, it is

ORDERED that Plaintiffs within fourteen (14) days after the date of this Order shall file a response stating whether their claim against Judge Mack in his official capacity is a claim against any government entity other than Montgomery County, and if so, shall identify that entity and show that Plaintiffs have served or are actively seeking service upon it. If no such other entity subject to suit is so identified by Plaintiffs, then Plaintiffs' claim against Judge Mack in his official capacity will be dismissed as redundant with their claim against Montgomery County.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 22nd day of June, 2018.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Document No. 75 at 20; see also Document No. 84 at 2.

3