UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., JANE DOE, and JOHN ROE<br>*Plaintiffs*, | § § § § § | |
| v. | § § | CASE NO. 4:17-cv-881 |
| JUDGE WAYNE MACK in his official capacity and MONTGOMERY COUNTY, TEXAS<br>*Defendants.* | § § § § § | |

### PLAINTIFFS' RESPONSE TO THE COURT'S JUNE 22 ORDER

Plaintiffs regret any confusion caused by their Response Regarding Defendants' Notice of Relevant Authority (Doc. 84). From the outset, Plaintiffs sued Judge Mack in his official capacity, with the understanding that that was simply another way of suing Montgomery County. Plaintiffs do not identify any other government entity synonymous with Judge Mack in his official capacity.

Plaintiffs nevertheless object to dismissing Judge Mack as a redundant party, given the unresolved claims asserted by Defendants. The Defendants have made arguments inconsistent with the principle that Montgomery County and Judge Mack are synonymous parties. Under *Kentucky v. Graham*, a government officer is synonymous with a government entity only when that officer is an agent of the entity. *See* 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978)); *see also Brandon v. Holt*, 469 U.S. 464, 471–72 (1985) ("[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents . . . ."). But Defendants have argued in effect that

Judge Mack does not represent the County as its agent by arguing that the two have separate duties and authority. *See* Defendants' Motion for Judgment on the Pleadings, Doc. 65 at 14 (arguing that "the County has no power to stop the opening ceremony to which Plaintiffs object" and "The County, through its Commissioners Court or otherwise, 'has no control over the courtroom procedures instituted by Judge Mack'"). These arguments are inconsistent with the entity-agent relationship needed to have redundant parties under *Kentucky v. Graham* and should be resolved by the Court prior to dismissing any party.

      The Plaintiffs' assertions that the Court identified as confusing are meant only as an argument in the alternative, an argument in response to the assertions made by the Defendants. Were both of the Defendants' arguments accepted—that the County is synonymous with Judge Mack but also that the County lacks the authority to redress claims made against Judge Mack—it would effectively render the County immune from any unlawful actions taken by its justices of the peace, even when the County would otherwise be liable for those actions under *Monell*. The Defendants should not be permitted "to play 'Three–Card Monte' with its description of [agents'] authority to defeat standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 596 (1992) (Blackmun, J., dissenting as to issues other than redressability).

      Plaintiffs primarily argue that Montgomery County has the ultimate authority to redress the harms caused to them by the Montgomery County Precinct 1 courtroom prayers. Defendants' argument to the contrary demonstrates a need for Montgomery County and Judge Mack to remain separately named parties in this suit. Defendants have not moved for Judge Mack to be dismissed as a redundant party and the Court can rest assured that Defendants' counsel have indicated that they represent Judge Mack in his official capacity, such that Judge Mack has received notice and an opportunity to respond.

DATE:  July 5, 2018

Respectfully submitted,

*/s/ Sam Grover*
Sam Grover
Wisconsin State Bar No. 1096047
Elizabeth Cavell
Wisconsin State Bar No. 1089353
(*pro hac vice*)
FREEDOM FROM RELIGION FOUND., INC.
P. O. Box 750
Madison, WI 53701
Telephone:  608-256-8900
Telecopier:  608-204-0422
Email:  sgrover@ffrf.org / ecavell@ffrf.org

Patrick A. Luff
Attorney-in-charge
Texas State Bar No. 24092728
S.D. Tex. Bar No. 2896159
LUFF LAW FIRM, PLLC
3123 NW Loop 410
San Antonio, TX 78230
Telephone:      210-504-7575
Telecopier:      830-584-0628
Email:  luff@lufflaw.com

COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I, Sam Grover, hereby certify that on the 5th day of July, 2018, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Sam Grover*
Sam Grover