UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., JANE DOE, JOHN ROE, and JANE NOE, | § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:17-cv-881 |
| v. | § § | |
| | § § | |
| JUDGE WAYNE MACK, in his official capacity as Justice of the Peace, and MONTGOMERY COUNTY, TEXAS, | § § § | |
| *Defendants*. | § | |

**REPLY TO PLAINTIFFS' RESPONSE TO THE COURT'S JUNE 22 ORDER**

In their Response to the Court's June 22 Order (Dkt. No. 86), Plaintiffs once again seek to dodge the consequences of their choice to sue Judge Mack only in his official capacity. That choice dictates their inability to obtain relief. Plaintiffs contend that the Court should not enforce the consequences of their choice, as that would "render the County immune from any unlawful actions taken by its justices of the peace, *even when the County would otherwise be liable for those actions under Monell.*" (*Id.* at 2 (emphasis added)). But the premise of Plaintiffs' argument is mistaken. The Fifth Circuit has squarely held that municipalities simply cannot be held liable for *actions taken by judicial officers in their judicial capacity. See, e.g.*, *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995) ("A local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county."). The County would not "otherwise be liable" for Judge Mack's judicial actions because a justice of the peace acting in his judicial capacity sets judicial policy for his courts, not for the county. *See Garcia Guevara v. City of Haltom City*, 106 F. App'x 900, 902 (5th Cir. 2004) (rejecting municipal liability where

"relevant [policy] decisions were made . . . by a municipal judge"). Defendants discussed this principle and these cases at length in their Motion for Judgment on the Pleadings.

Plaintiffs next incorrectly infer that because Judge Mack and the County are effectively identical defendants for purposes of this lawsuit, that this also means the County has the ability to control Judge Mack's courtroom practices. (*See* Dkt. No. 85 at 1.) No precedent supports that notion, and no statute gives the County the power to change Judge Mack's courtroom proceedings or alter his in-court behavior. As a result, County liability cannot exist because a "policy or act cannot be said to speak for the county if the county has no say in what policy or action the [local official] takes." *Grech v. Clayton Cty.*, 335 F.3d 1326, 1331 (11th Cir. 2003) (en banc); *see Carbalan v. Vaughn*, 760 F.2d 662, 664-5 (5th Cir. 1985) (holding that a city with "no policy regarding . . . judicial duties" "is not liable simply because [the judge] held the office of municipal judge" as it "exercised no control over [the court's] operations."). Nor can Plaintiffs establish Article III standing when no order of this Court to the County could redress their complaint about Judge Mack's prayer practice.

In short, Plaintiffs seek to escape the reality that counties cannot be held liable for the acts of judges in their judicial capacity. Their attempts to create liability where the Fifth Circuit has already decided it cannot exist should be rejected, and the Court should grant Defendants' Motion for Judgment on the Pleadings (Dkt. No. 65).

Dated:  July 13, 2018

**J.D. LAMBRIGHT,**
**COUNTY ATTORNEY**

    B.D. Griffin
    Assistant County Attorney
    Texas Bar No. 08468500
    S.D. Texas Bar No. 1862
    Adam Anderson
    Texas Bar No. 24090780
    S.D. Texas Bar No. 2914958
    501 North Thompson, Suite 300
    Conroe, TX  77301
    (936) 539-7828
    (936) 760-6920 (facsimile)
    bd.griffin@mctx.org
    adam.anderson@mctx.org

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By:  /s/ *Amy Pharr Hefley*
    Aaron M. Streett
    Texas Bar No. 24037561
    S.D. Texas Bar No. 732596
    Amy Pharr Hefley
    Texas Bar No. 24046046
    Nischay Bhan
    Texas Bar No. 24105468
    S.D. Texas Bar No. 3151238
    One Shell Plaza
    910 Louisiana St.
    Houston, TX  77002
    (713) 229-1234
    (713) 229-1522 (facsimile)
    aaron.streett@bakerbotts.com
    amy.hefley@bakerbotts.com
    nischay.bhan@bakerbotts.com

    Vincent Wagner
    Texas Bar No. 24093314
    S.D. Texas Bar No. 3162395
    2001 Ross Avenue, Suite 700
    Dallas, TX  75201
    (214) 953-6000
    (214) 661-6503 (facsimile)
    vincent.wagner@bakerbotts.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that this document was filed with the Court's Electronic Filing System, which will serve all known Filing Users, on July 13, 2018.

/s/ *Amy Pharr Hefley*

Amy Pharr Hefley